Locksley O. Wade, Esq.
LAW OFFICE OF LOCKSLEY O. WADE
11 Broadway
Suite 615
New York, NY 10004
Phone (212) 933-9180
Fax (212) 933-9181
wade@wadefirm.com
*Attorney for Plaintiffs*

John Troy, Esq.
Aaron B. Schweitzer, Esq.
Tiffany Troy, Esq.
TROY LAW, PLLC
41-25 Kissena Boulevard
Suite 110
Flushing, NY 11355
Phone (718) 762-1324
Fax (718) 762-1342
troylaw@troypllc.com
*Attorneys for Plaintiffs*
*to be admitted* pro hac vice

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

---------------------------------------------------------------------x
YANHONG CHEN and
LUTONG YANG,
*on behalf of themselves and others similarly situated,*
                                          Plaintiffs,

v.

WOW RESTAURANT TH LLC
       d/b/a Yaki Sushi Grill BBQ and
TRINH HUYNH,
                                          Defendants.
---------------------------------------------------------------------x

Case No. 23-cv-1602

**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs YANHONG CHEN (hereinafter "Chen") and LUTONG YANG (hereinafter ("Yang") (hereinafter collectively with Chen, "Plaintiffs"), by and through their attorneys, Locksley O. Wade, Esq. of the Law Office of Locksley O. Wade and John Troy, Aaron B. Schweitzer, and Tiffany Troy of Troy Law, PLLC (to be admitted *pro hac vice*), hereby bring this

Complaint against Defendants WOW RESTAURANT TH LLC d/b/a Yaki Sushi Grill BBQ (hereinafter "LLC Defendant") and TRINH HUYNH (hereinafter "Individual Defendant") (hereinafter collectively with LLC Defendant, "Defendants"), and alleges as follows:

## INTRODUCTION

1. This is an action for damages under the Internal Revenue Code, 26 U.S.C. §7434 for relief, damages, fees in this matter because Defendants willfully filed fraudulent tax information forms with the Internal Revenue Service ("IRS")

## JURISDICTION AND VENUE

2. This court has subject matter jurisdiction over this controversy under Section 1331 of Title 28 of the United States Code.

3. Venue is proper in the Middle District of Florida pursuant to Section 1391, Subsection (b) and (c) of Title 28 of the United State Code.

## ADMINISTRATIVE REQUIREMENTS

4. The IRS will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under 26 U.S.C. §7434 Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. §7434(d).

5. Plaintiffs have satisfied all conditional precedent, or they have been waived.

## PLAINTIFFS

*YANHONG CHEN*

6. Chen was employed by Defendants to work in various positions at Yaki Sushi Grill BBQ from about August 1, 2020 through about April 30, 2022: from about August 1, 2020 through about December 31, 2020 as a waitress; from about January 1, 2021 through about November 30,

2021 as a miscellaneous kitchen helper about four (4) days per week and as a waitress about three (3) days per week; and from about December 1, 2021 through about April 30, 2022 as hostess and cashier.

### *LUTONG YANG*

7. Yang was employed by Defendants to work in various positions at Yaki Sushi Grill BBQ from about July 1, 2019 through about April 30, 2022: from about July 1, 2019 through about January 31, 2020 to help with renovation prior to opening; and from about February 1, 2020 through about April 30, 2022 as a sushi chef.

## **DEFENDANTS**

### *WOW RESTAURANT TH LLC d/b/a Yaki Sushi Grill BBQ*

8. LLC Defendant was, throughout the period relevant to this lawsuit, a domestic limited liability company with a registered address at 1161 Epson Oaks Way, Orlando, FL 32837—upon information and belief, the home address of Individual Defendant—and a principal place of business at 5231 University Parkway, #113, Bradenton, FL 34201, where it operated Yaki Sushi Grill BBQ.

9. LLC Defendant was, throughout the period relevant to this lawsuit, a business with gross annual revenue in excess of five hundred thousand dollars ($500,000.00) per year—according to Plaintiffs' observations, LLC Defendant had gross monthly revenue of between one hundred twenty thousand dollars ($120,000.00) and one hundred thirty thousand dollars ($130,000.00).

10. LLC Defendant was, throughout the period relevant to this lawsuit, a business engaged in interstate or foreign commerce, including in ingredients for sushi and other dishes,

whose employees, including Plaintiffs, handled goods moved in commerce, including ingredients and cleaning supplies.

11. LLC Defendant throughout the period relevant to this lawsuit employed about eleven (11) employees, including Plaintiffs, at any one time: about four (4) kitchen workers—including but not limited to "oil woks," hibachi chefs, and miscellaneous helpers—as well as about three (3) sushi chefs, about three (3) servers, and about one (1) hostess/cashier; plus Individual Defendant.

### *TRINH HUYNH*

12. Individual Defendant was, throughout the period relevant to this lawsuit, the day-to-day, on-site, hands-on manager of Yaki Sushi Grill BBQ, who hired Plaintiffs and other employees, supervised Plaintiffs and other employees, gave Plaintiffs and other employees their assignments and changed Chen's assignments from time to time, determined Plaintiffs' and other employees' schedules, determined Plaintiffs' and other employees' salaries, prepared and kept records of the employee payroll, and sent the employee payroll to an accountant.

13. Individual Defendant was, throughout the period relevant to this lawsuit, a member of the LLC Defendant.

14. According to the LLC Defendant's Articles of Organization, Individual Defendant is the only person authorized to manage the LLC Defendant.

15. Individual Defendant formed LLC Defendant, hosts its registered address and office in her home, and is the registered agent of the LLC Defendant.

16. Throughout the period relevant to this lawsuit, Individual Defendant exercised financial and operation control over the LLC Defendant, and controlled Plaintiffs' and other employees' employments at Yaki Sushi Grill BBQ.

17. Individual Defendant acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder and is jointly and severally liable with WOW RESTAURANT TH LLC d/b/a Yaki Sushi Grill BBQ.

## STATEMENT OF FACTS

**YANHONG CHEN**

18. From or around August 1, 2020, through about April 30, 2022, the end of Plaintiff's employment, plaintiff was to be compensated the following:

(1) About $250.00 ($0.00 base salary plus $250.00 dormitory) per month during August 1, 2020, to December 31, 2020;

(2) About $2,250.00 per month ($2,000.00 base salary plus $250.00 dormitory) during January 1, 2021, to November 30, 2021;

(3) About $3,250.00 per month ($3,000.00 base salary plus $250.00 dormitory) during December 1, 2021, to April 30, 2022.

19. During this time periods of 2020, 2021, and 2022, Defendants provided Chen with a copies of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS"), which reflected wages much higher than either Chen's actual wage. (See attached Exhibit "1").

20. A Form W-2 is an information return as defined by 26 U.S.C. §6724(d)(1).

21. During the relevant term Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

22. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 for

each violation or the sum of any actual damages sustained by Plaintiff, costs of the action and reasonable attorneys' fees.

23. Upon information and belief, Defendants filed Form W-3 Transmittal of Wage and Tax Statement with the entire copies A pages of Form(s) W-2 and/or Form 1096 with Form(s) 1099 to the IRS at the end of each year during Plaintiff's employment term.

24. Upon information and belief, Defendants filed said fraudulent information at the Paragraph "Salaries and wages (less employment credits)" on the Form 1120s, Form 1065s and/or Schedule Cs of Form 1040s to the IRS each & every year during the employment term.

25. Upon information and belief, during the relevant term Defendants filed Form 941 Employer's Quarterly for each quarter (Quarter 1: January through March; Quarter 2: April through June; Quarter 3: July through September; Quarter 4: October through December) with the incorrect wages on Line 2 "Wages, tips, and other compensation." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

26. Upon information and belief, during the relevant term Defendants filed the 940 Annual Federal Unemployment (FUTA) Tax Return in Line 3 "Total payment to all employees." The basis of that knowledge is that the wages as reported on the W-2s received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

27. Upon information and belief, during the relevant term Defendants filed the 945 Annual Return of Withheld Federal Income Tax in Line 3 "Total taxes." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

### *LUTONG YANG*

28. During plaintiffs employment and during this time periods of 2020, 2021, and 2022, Defendants provided Yang with a copies of the Form W-2 that Defendants filed with the United States Internal Revenue Service ("IRS"), which reflected wages much higher than either Yang's actual wage or promised wage. (See attached Exhibit "2").

29. A Form W-2 is an information return as defined by 26 U.S.C. §6724(d)(1).

30. During the relevant term Defendants reported fraudulent information to the IRS in violation of 26 U.S.C. § 7434 by filing the Form W-2 with false information regarding the payments of wages to Plaintiff.

31. As Defendants willfully filed fraudulent information returns in violation of 26 U.S.C. § 7434, Plaintiff is entitled to damages in an amount equal to the greater of $5,000.00 for each violation or the sum of any actual damages sustained by Plaintiff, costs of the action and reasonable attorneys' fees.

32. Upon information and belief, Defendants filed Form W-3 Transmittal of Wage and Tax Statement with the entire copies A pages of Form(s) W-2 and/or Form 1096 with Form(s) 1099 to the IRS at the end of each year during Plaintiff's employment term.

33. Upon information and belief, Defendants filed said fraudulent information at the Paragraph "Salaries and wages (less employment credits)" on the Form 1120s, Form 1065s and/or Schedule Cs of Form 1040s to the IRS each & every year during the employment term.

34. Upon information and belief, during the relevant term Defendants filed Form 941 Employer's Quarterly for each quarter (Quarter 1: January through March; Quarter 2: April through June; Quarter 3: July through September; Quarter 4: October through December) with the incorrect wages on Line 2 "Wages, tips, and other compensation." The basis of that

knowledge is that the wages as reported on the W-2 received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

35. Upon information and belief, during the relevant term Defendants filed the 940 Annual Federal Unemployment (FUTA) Tax Return in Line 3 "Total payment to all employees." The basis of that knowledge is that the wages as reported on the W-2s received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

36. Upon information and belief, during the relevant term Defendants filed the 945 Annual Return of Withheld Federal Income Tax in Line 3 "Total taxes." The basis of that knowledge is that the wages as reported on the W-2 received by Plaintiff grossly understates the amount of wages Plaintiff received for each year.

## RULE 23 CLASS ACTION ALLEGATIONS

37. Plaintiffs bring their Internal Revenue Code claims as a class action pursuant to FED. R. Civ. P. §23 on behalf of themselves and on behalf of all persons employed by Defendants during the six years limitation period (the "IRC Class Period") who were subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

38. The members of the IRC Class, like Plaintiffs, were/are subjected to Defendants' unlawful filing of fraudulent information returns with the IRS.

39. The claims of Plaintiffs described herein are typical of the claims of the IRC Class he seeks to represent.

40. Plaintiffs will fairly and adequately represent and protect the interests of the IRC Class and has retainer counsel competent and experienced in complex class actions and employment litigation.

41. Common questions of law and fact exist as to the IRC Class, and predominate

over any questions affecting only individual members of the IRC Class, which include, but are not limited to, the following:

    A. Whether Defendants filed fraudulent information returns with the IRS as to Plaintiffs and the IRC Class;

    B. Whether Decadents reported that Plaintiffs and the IRC Class revived taxable income on account of unpaid wages and/tips;

    C. Whether Decadents reported that Plaintiffs and the IRC Class were provided wages and/or tips that were not actually provided;

    D. Whether taxable income was imputed to Plaintiff and the IRC Class for unpaid wages and/or Tips;

    E. Whether Plaintiffs and the IRC Class suffered increased tax liability on account of Defendants' filing of false information returns; and

    F. Whether Defendants' violations of the Internal Revenue Code were willful.

42. These common questions of law and fact arise from the same course of events, and each class member will make similar legal and factual arguments to prove liability.

43. Plaintiffs are members of the IRC Class that they seek to represent. Plaintiffs' claims are typical or the claims of the IRC Class. The relief Plaintiffs seek for the unlawful policies and practices complained of therein are also typical of the relief which is sought on behalf of the IRC Class.

44. Plaintiffs' interests are co-extensive with those of the IRC Class that they seek to represent in this case. Plaintiffs are willing and able to represent the IRC Class fairly and to vigorously pursue his similar individual claims in this action. Plaintiffs have retained counsel who are qualified and experienced in labor and employment class action litigation, and who are able to meet the time and fiscal demands necessary to litigate a class action of this size and complexity. The combined interests, experience and resources of Plaintiffs and their counsel to

litigate the individual and IRC Class claims at issue in this case satisfy the adequacy of representation requirement of Fed. R. Civ. P. §23(a)(4).

45. Defendants have acted or refused to act on grounds generally applicable to the IRC Class, making final injunctive and declaratory relief appropriate with respect to the IRC Class as a whole.

46. Injunctive and declaratory relief are the predominant relief sought in this case because they are the culmination of the proof of Defendants' Individual and class-wide liability and the essential predicate for Plaintiffs' and the IRC Class' entitlement to monetary and non-monetary remedies to be determined at a later stage of the proceedings.

47. The common issues of fact and law affecting Plaintiffs' claims and those of the IRC Class members, including the common issues identified above, predominate over any issues affecting only individual claims.

48. A class action is superior to other available means for the fair and efficient adjudication of Plaintiffs' claims and the claims of the IRC Class. There will be no difficulty in the management of this action as a class action.

49. The cost of proving Defendants' violations of the IRC and the supporting Federal Regulations makes it impracticable for Plaintiffs and the IRC Class to pursue their claims individually. Maintenance of a class action promotes judicial economy by consolidating a large class of potential plaintiffs litigating identical claims. The claims of the IRC Class interrelate such that the interests of the members will be fairly and adequately protected in their absence. Additionally, the questions of law and fact common to the IRC Class arise from the same course of events and each class member will make similar legal and factual arguments to prove Defendants' liability.

50. The IRC Class is so numerous that joinder of all members is impracticable. While the exact number of the IRC Class is unknown to Plaintiffs at the present time, upon information and belief, there are at least 40 similarly-situated persons who ere/are employed by Defendants on whose behalf Defendants filed fraudulent information returns with the IRS during the IRC Class period.

51. Plaintiffs are currently unaware of the identities of the members of the IRC Class. Accordingly, Defendants should be required to provide Plaintiffs with a list of all persons employed by Defendants on whose behalf Defendants filed fraudulent information returns during the IRC Class Period, along with their last known address, telephone numbers and e-mail address, so Plaintiffs can give the IRC Class Notice of this Action and an opportunity to make an informed decision abut whether to participate in it.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violation of IRC §7434 ]**
**Brought on behalf of Plaintiffs and the IRC Class]**

52. Plaintiffs, on behalf of themselves and the IRC Class, re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

53. 26 U.S.C. §7434 provides that where any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person filing such information return.

54. As set forth above, during the IRC Class Period, Defendants willfully filed fraudulent information returns with respect to payments purported to be made to Plaintiffs and the IRC Class. These information returns falsely stated that taxable income was received by Plaintiffs and the IRC Class in the form of wages and/or tips that were never actually paid. As a

result, Plaintiffs and the IRC Class suffered increased tax liability.

55. Defendants' violations of 26 U.S.C. §7434 entitle Plaintiffs and the IRC Class to recover damages or the greater of: $5,000 for each violation or the actual economic damages sustained as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving the deficiencies asserted as a result of such filing), plus reasonable attorneys' fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, on behalf of themselves, and Rule 23 Class members, respectfully requests that this Court enter a judgment providing the following relief:

a) Declare this action to be maintainable as a class action pursuant to Fed. R. civ. P. 23 as to the IRC Class;

b) Determine the damages sustained by Plaintiffs and the IRC Class as a result of Defendants' violations of the IRC and/or its regulations, and award those damages against Defendants and in favor of Plaintiffs and the IRC Class, plus such pre-judgment and post Judgment interests as may be allowed by law;

c) Designate Plaintiffs as representatives of the IRC class;

d) Designate Troy Law, PLLC as class counsel as to the IRC Class;

e) Award Plaintiffs or **alternatively** the IRC Class an award of punitive damages;

f) Award Plaintiffs and the IRC Class their reasonable attorneys' fees and costs;

g) If the class is not certified, award Plaintiffs liquidated damages;

h) Grant Plaintiffs and the IRC Class such other and further relief that the court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule §38(b) and §38(c) of the Federal Rules of Civil Procedures, Plaintiffs demand a trial by jury on all questions of facts.

Dated: July 17, 2023
      Flushing, New York

                                       TROY LAW, PLLC
*Attorney for Plaintiff and proposed FLSA Collective*

/s/ Locksley O Wade_____
Locksley O Wade, Esq.
Law Office of Locksley O Wade
11 Broadway
Suite 615
New York, NY 10004
Phone: (212) 933-9180
Fax: (212) 933-9181
Email: wade@wadefirm.com
*Attorney for Plaintiffs*

Aaron B. Schweitzer, Esq.
Troy Law, PLLC
41-25 Kissena Blvd
Suite 110
Flushing, NY 11355
Phone: (718) 762-1324
Fax: (718) 762-1342
Email: troylaw@troypllc.com
*Attorney for Plaintiffs*
*To be admitted pro hac vice*