```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                     TAMPA DIVISION
```

YANHONG CHEN and LUTONG YANG,

    Plaintiffs,

v.                        Case No. 8:23-cv-1602-VMC-LSG

WOW RESTAURANT TH, LLC and
TRINH HUYNH,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Defendant Wow Restaurant TH, LLC's Motion to Dismiss Plaintiff Lutong Yang (Doc. # 47), filed on May 16, 2024. The Motion was filed pursuant to Plaintiff Yanhong Chen's Notice of Suggestion of Death of Plaintiff Lutong Yang, filed on February 9, 2024. (Doc. # 34). For the reasons set forth below, the Motion is denied.

**I.   Background**

Mr. Yang and Ms. Chen initiated the present lawsuit against WOW Restaurant and Trinh Huynh on July 17, 2023. (Doc. # 1). The Court dismissed the complaint on September 21, 2023, but granted leave for Plaintiffs to amend. (Doc. # 22). Mr. Yang and Ms. Chen filed their amended complaint on October 5, 2023, which alleges that Defendants filed fraudulent tax

1

forms leading to Plaintiffs suffering increased tax liability, and entitling them to damages under 26 U.S.C. § 7434. (Doc. # 26 at 26).

On February 9, 2024, Ms. Chen filed a Notice of Suggestion of Death of Plaintiff Lutong Yang. (Doc. # 34). Defendants filed their Motion to Dismiss Plaintiff Lutong Yang on May 16, 2024, seeking to dismiss Mr. Yang from the case. (Doc. # 47). Ms. Chen, on behalf of herself and Mr. Yang, responded on June 6, 2024, opposing Defendants' Motion and seeking leave to extend the time to file a motion for substitution of Mr. Yang. (Doc. # 52). On August 6, 2024, the Court extended the deadline for Mr. Yang's next of kin to file a motion for substitution to September 6, 2024. (Doc. # 58). On October 10, 2024, the Court extended the deadline for Mr. Yang's next of kin to file a motion for substitution to November 20, 2024. (Doc. # 63).

The Motion is now ripe for review.

**II. Legal Standard**

"An action brought against a deceased party cannot continue 'unless the cause of action, on account of which the suit was brought, is one that survives by law.'" United States v. Est. of Schoenfeld, 344 F. Supp. 3d 1354, 1369 (M.D. Fla. 2018) (quoting Ex Parte Schreiber, 110 U.S. 76, 80 (1884)).

2

"In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law." United States v. NEC Corp., 11 F.3d 136, 137 (11th Cir. 1993), as amended (Jan. 12, 1994).

"It is well-settled that remedial actions survive the death of the plaintiff, while penal actions do not." Id. "A remedial action is one that compensates an individual for specific harm suffered, while a penal action imposes damages upon the defendant for a general wrong to the public." Id. "In deciding whether a statute is penal or remedial, we must examine three factors: (1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; (2) whether recovery under the statute runs to the harmed individual or to the public; and (3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." Id. (internal quotations omitted).

### III. Analysis

Defendants argue that Mr. Yang's claim must be dismissed because fraud claims do not survive a plaintiff's death. (Doc. # 47 at 1). They next argue that Mr. Yang's claim must be dismissed due to Mr. Yang's next of kin's failure to file a motion for substitution within 90 days. (Id. at 1-2). The

Court rejects each of Defendants' arguments and denies their Motion.

### A. Fraud Claims Survive Death

The Court has not found — and Defendants have not cited — any authorities to suggest that the statute upon which Plaintiffs' cause of action is based, 26 U.S.C. § 7434, either allows or disallows for survival actions. Accordingly, the Court will apply federal common law. See NEC Corp., 11 F.3d at 137 ("In the absence of an expression of contrary intent, the survival of a federal cause of action is a question of federal common law."). Thus, the Court will apply the three relevant factors to determine if the statute is remedial or penal: "(1) whether the purpose of the statute was to redress individual wrongs or more general wrongs to the public; (2) whether recovery under the statute runs to the harmed individual or to the public; and (3) whether the recovery authorized by the statute is wholly disproportionate to the harm suffered." Id.

First, the Court finds that the purpose of the statute is to redress individual wrongs. The statute specifically provides that a "person may bring a civil action for damages" and then discusses the extent to which the "defendant shall be liable to the plaintiff." 26 U.S.C. § 7434. Accordingly,

the statutory purpose is to provide a private cause of action for individuals wronged by others, and so this factor weighs in favor of finding the statute to be remedial. See NEC Corp., 11 F.3d at 137 ("[W]hether the purpose of the statute was to redress individual wrongs or more general wrongs to the public.").

Second, the Court concludes that recovery runs to the harmed individual, rather than the public. As discussed above, the statute provides that the "defendant shall be liable to the plaintiff." 26 U.S.C. § 7434. Furthermore, the statute contains no provision through which damages would run to the public. Id. Accordingly, the second factor also weighs in favor of the statute being remedial.

Third, the Court concludes that the recovery authorized by the statute is not disproportional to the harm suffered. The statute provides for: "(1) any actual damages sustained by the plaintiff as a proximate result of the filing of the fraudulent information return (including any costs attributable to resolving deficiencies asserted as a result of such filing), (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees." 26 U.S.C. § 7434(b). Thus, the permissible damages only include actual damages and the costs and fees necessary to obtain those

5

actual damages. Such a damages provision is proportionate to the harm caused by the defendant, weighing in favor of finding the statute to be remedial. See NEC Corp., 11 F.3d at 137 ("[W]hether the recovery authorized by the statute is wholly disproportionate to the harm suffered.").

As all three factors weigh in favor of finding the statute to be remedial, the Court concludes that the statute is remedial. Therefore, Mr. Yang's claim survives his death. See Id. ("It is well-settled that remedial actions survive the death of the plaintiff, while penal actions do not.").

### B. Failure to File Motion for Substitution

Defendants argue that Mr. Yang's claim must be dismissed due to Mr. Yang's next of kin's failure to file a motion for substitution within 90 days. (Doc. # 47 at 1-2). However, the Court has already extended this deadline twice upon findings of good cause. (Doc. ## 58, 63). The deadline for Mr. Yang's next of kin to file a motion for substitution is now November 20, 2024. (Doc. # 63). Therefore, this argument raised by the Defendants is moot.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Wow Restaurant TH LLC and Trinh Huynh's Motion to Dismiss Plaintiff Lutong Yang (Doc. # 47) is **DENIED.**

6

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 5th day of November, 2024.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE