UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YANHONG CHEN and
LUTONG YANG,

    Plaintiffs,

v.  Case No. 8:23-cv-1602-VMC-LSG

WOW RESTAURANT TH LLC d/b/a
YAKI SUSHI GRILL BBQ and
TRINH HUYNH,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of Plaintiffs' Motion to Reconsider the Court's Order Denying Extension of Time to File Motion for Substitution for Plaintiff Lutong Yang (Doc. # 90), filed on December 20, 2024. For the reasons that follow, the Motion is denied.

**I.  Background**

On February 9, 2024, Plaintiffs filed a notice of suggestion of death of plaintiff Lutong Yang. (Doc. # 34). However, Plaintiffs failed to file a motion for substitution of party. On July 9, 2024, Plaintiffs filed an opposed motion to extend the time to file a motion for substitution for plaintiff Lutong Yang. (Doc. # 55). On August 6, 2024, the Court granted the motion in part and instructed Plaintiffs to

1

file a motion to substitute plaintiff Lutong Yang by September 6, 2024, in accordance with Federal Rule of Civil Procedure 25(a). (Doc. # 58).

Nearly two months after Plaintiffs missed the September 6, 2024, deadline, Plaintiffs once again moved to extend the deadline to file a motion for substitution on November 5, 2024. (Doc. # 66). The pleading indicated that the motion was opposed. (Id. at 6). Despite Plaintiffs' untimely filing and Defendants' opposition, the Court once again granted the motion and extended the deadline until December 4, 2024. (Doc. # 69).

On December 4, 2024, Plaintiffs filed another motion to extend the deadline to file a motion for substitution. (Doc. # 75). Finding that the Court had already extended Plaintiffs' deadline enough times, the Court denied the motion. (Doc. # 76). Importantly, this case is set for trial during the January 2025 term.

On December 20, 2024, Plaintiffs filed a motion for reconsideration of the Court's December 5, 2024, order denying an extension of time to file motion for substitution for Plaintiff Lutong Yang. (Doc. # 90). The Motion asks the Court to extend the deadline until January 3, 2025. (Id. at

2

5). Defendants object to the Motion (Id. at 7), and the Motion is now ripe for review.

## II. Discussion

Federal Rule of Civil Procedure 25 governs substitution of parties. "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. If the motion [for substitution] is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25(a)(1). However, "[i]f the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed." Id. Both a statement noting death and a motion to substitute must be served on the parties in accordance with Rule 5. Fed. R. Civ. P. 25(a)(3).

Plaintiffs ask the Court to reconsider its December 4, 2024, denial order based on Rule 60(b). (Doc. # 90 at 3-4). In relevant part, Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party from a[n]… order… for the following reasons: . . . (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); . . . or (6) any other reason that justifies relief." Fed. R.

3

Civ. P. 60(b). "A party may move for reconsideration only when one of the following has occurred: 'an intervening change in controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" Vidinliev v. Carey Int'l, Inc., 2008 WL 5459335, *1 (N.D. Ga. Dec. 15, 2008) (citation omitted). Moreover, "[r]elief under the catch-all provision of Rule 60(b)(6) 'is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances.' Guevara v. NCL (Bahamas) Ltd., No. 15-24294-CIV, 2017 WL 6597978, at *1 (S.D. Fla. Apr. 13, 2017) (citing Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993).

Plaintiffs explain that since the Court's denial order, the Nassau County Surrogate Court appointed a fiduciary in the estate of Lutong Yang on December 11, 2024. (Doc. # 90 at 2).

Nevertheless, the Court determines that Plaintiffs' circumstances are not exceptional enough to warrant further extension of the deadline to move to substitute plaintiff Lutong Yang. Again, Rule 25 provides that a motion to substitute a deceased plaintiff must be filed "within 90 days after service of a statement noting the death" or "the action by or against the decedent must be dismissed." The Court

4

accommodated Plaintiffs' requests for extensions multiple times – even when Plaintiffs demonstrated a lack of diligence and let the September 6, 2024, deadline lapse.

Now, the case is set for trial next month. The trial term begins on January 6, 2025, mere weeks after Plaintiffs filed the instant Motion. If the Court were to extend Plaintiffs' deadline to file a motion for substitution, there is no guarantee that the case would be able to proceed as scheduled in January 2025. Therefore, "granting their requested extension would only further delay an already protracted litigation." See Holmes v. Fresenius Kidney Care of Tuskegee, No. 3:21-CV-578-ECM, 2022 WL 17573416, at *3 (M.D. Ala. Dec. 9, 2022) (denying motion for extension of time to substitute a party because "[g]iven the delay in moving for an extension, the lack of a convincing ground for the delay, and the prejudice to the case's progress in litigation, the factors weigh against finding excusable neglect"), reconsideration denied, No. 3:21-CV-578-ECM, 2023 WL 2413993 (M.D. Ala. Mar. 8, 2023). Thus, at this juncture, the Court will not extend the deadline for Plaintiffs to file a motion to substitute plaintiff.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

5

Plaintiffs' Motion to Reconsider the Court's Order Denying Extension of Time to File Motion for Substitution for Plaintiff Lutong Yang (Doc. # 90) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 27th day of December, 2024.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE