UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

YANHONG CHEN
and XIN QIANG,

     Plaintiffs,

v.                                    Case Nos.: 8:22-cv-2774-VMC-NHA
                                               8:23-cv-1602-VMC-LSG

WOW RESTAURANT TH LLC
d/b/a Yaki Sushi Grill BBQ
and TRINH HUYNH,

     Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiffs Yanhong Chen and Xin Qiang's Motion for Entry of Judgment as a Matter of Law with Respect to Plaintiffs' FLSA Claims, and for Entry of Judgment on Plaintiff Yanhong Chen's IRC Claims (22-cv-2774, Doc. # 196; 23-cv-1602, Doc. # 115), filed on February 21, 2025. Defendants Wow Restaurant TH LLC and Trinh Huynh responded on March 5, 2025. (22-cv-2774, Doc. # 197; 23-cv-1602, Doc. # 116). For the reasons that follow, the Motion is granted in part and denied in part.

**I.    Background**

The Court held a jury trial in this consolidated action from January 21, 2025, to January 24, 2025. Plaintiffs Yanhong

Chen and Xin Qiang alleged that Defendants Wow Restaurant TH LLC and Trinh Huynh violated the Fair Labor Standards Act ("FLSA") and breached their employment contracts with Plaintiffs, and Ms. Chen alone alleged that Defendants violated Section 7434 of the Internal Revenue Code ("IRC"). (22-cv-2774, Doc. # 23; 23-cv-1602, Doc. # 26). Plaintiffs were employees at Wow Restaurant, which Ms. Huynh owned and managed.

At the close of evidence, Plaintiffs did not move for judgment as a matter of law. The jury returned a verdict in favor of Defendants on the FLSA and breach of contract claims. (22-cv-2774, Doc. ## 190, 191). As to the IRC claim, the jury found that Wow Restaurant fraudulently and willfully issued Ms. Chen's 2020, 2021, and 2022 information returns to the IRS, and that Wow Restaurant was an alter ego for Trinh Huynh. (23-cv-1602, Doc. # 111). However, the jury found that Ms. Chen's actual damages were $0.00. (Id.).

On March 5, 2025, Plaintiffs filed a motion for judgment notwithstanding the verdict on the FLSA claims and for judgment including damages on the IRC claim. (22-cv-2774, Doc. # 196; 23-cv-1602, Doc. # 115). Defendants responded (22-cv-2774, Doc. # 197; 23-cv-1602, Doc. # 116), and the Motion is ripe for review.

## II.  **Legal Standard**

Under Federal Rule of Civil Procedure 50(a), the Court may grant judgment as a matter of law against a party "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). Rule 50(b) permits a party to renew its motion for judgment as a matter of law after trial, provided the motion is filed no later than 28 days after entry of judgment. Fed. R. Civ. P. 50(b).

Absent a pre-verdict Rule 50(a) motion, a post-verdict renewal may be considered only under the Eleventh Circuit's narrow "plain error" exception. Sims' Crane Serv., Inc. v. Ideal Steel Prods., Inc., 800 F.2d 1553, 1557 (11th Cir. 1986). "'Plain error' only arises if the error is so obvious that the failure to notice it would seriously affect the fairness or integrity of the judicial proceedings." United States v. Edwards, 696 F.2d 1277, 1282 (11th Cir. 1983).

A court should grant judgment as a matter of law only "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict." Middlebrooks v. Hillcrest Foods, Inc., 256 F.3d 1241, 1246 (11th Cir. 2001). In evaluating such a motion, the

Court must consider the "evidence and the reasonable inferences drawn from it in the light most favorable to the nonmoving party." Id.

In other words, "a court should render judgment as a matter of law when there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Cleveland v. Home Shopping Network, Inc., 369 F.3d 1189, 1192 (11th Cir. 2004). Moreover, in conducting the Rule 50 analysis, the Court must refrain from invading the province of the jury: "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. at 1193 (internal quotations omitted).

**III. Analysis**

    **A. Judgment as a Matter of Law**

Plaintiffs invoke the "plain error" exception, acknowledging they did not move under Rule 50(a) at trial and cannot obtain relief absent plain error. (22-cv-2774, Doc. # 196; 23-cv-1602, Doc. # 115). They contend that Defendants' business records and Defendants' own admissions establish unpaid minimum-wage and overtime liability so clearly that the jury's contrary findings constitute plain error. (Id.). The Court disagrees.

As no official transcript has been filed, this Order is based on the Court's recollection. In determining how much Plaintiffs were paid, the jury heard testimony that contradicted or minimized the payroll, tax, and other records relied upon by Plaintiffs.

Ms. Huynh testified that sometimes Wow Restaurant's corporate payroll account would run low, and she would withdraw cash from her personal account and then hand that cash directly to employees. She explained that sometimes she paid the employees out of her pocket, and sometimes with borrowed company money. She also testified that the time records were compiled all at once in retrospect, rather than by contemporaneous clock-ins and clock-outs.

Ms. Huynh was asked directly how she made sure Plaintiffs were properly paid for regular and overtime pay. She responded that if they worked over certain hours, then she would pay overtime wages. She also testified that she paid $20,000 to Ms. Chen's spouse but recorded this as a payment to Ms. Chen. Additionally, Ms. Qiang testified that she and other employees would receive cash tips that were not reported to Ms. Huynh. Multiple parties also testified that Defendants provided lodging and meals to Plaintiffs, which were not accounted for by the records cited by Plaintiffs. Finally,

5

Ms. Huynh testified that, throughout their employment, Plaintiffs never once challenged their monthly pay stubs.

The Court "must refrain" from disturbing the jury's credibility determinations, such that the Court accepts the testimony described above as true. <u>Home Shopping Network, Inc.</u>, 369 F.3d at 1193. Thus, the jury could find that the records did not fully account for Plaintiffs' income based on the trial testimony. From there, the jury could reasonably infer that when accounting for the additional income not included within the records, Plaintiffs were paid sufficient wages to cover both minimum and overtime wages. <u>See Id.</u> ("[T]he drawing of legitimate inferences from the facts are jury functions, not those of a judge."). Therefore, the Court may not disturb the jury's verdict. <u>See Middlebrooks</u>, 256 F.3d at 1246 (directing courts to only grant judgment as a matter of law "if the evidence is so overwhelmingly in favor of the moving party that a reasonable jury could not arrive at a contrary verdict").

Plaintiffs' Motion is denied in so far as it seeks judgment as a matter of law on the FLSA claims.

**B. <u>Motion for damages on the IRC claim</u>**

Ms. Chen argues that the jury found Defendants liable on her IRC claim, such that judgment should be entered in her

favor and she should be entitled to statutory damages. (22-cv-2774, Doc. # 196; 23-cv-1602, Doc. # 115). The Court agrees.

Under I.R.C. § 7434(a), Defendants were liable if they "willfully file[d] a fraudulent information return with respect to payments purported to be made to any other person." If Defendants were found liable, then Ms. Chen is entitled to "an amount equal to the greater of $5,000 or the sum of — (1) any actual damages . . . , (2) the costs of the action, and (3) in the court's discretion, reasonable attorneys' fees." I.R.C. § 7434(b).

Again, the jury found that Defendants "fraudulently and willfully" issued Ms. Chen's returns for 2020, 2021, and 2022. (23-cv-1602, Doc. # 111). Thus, Defendants are liable under I.R.C. § 7434(a) for each of those years. Ms. Chen is entitled to the greater of $5,000 or the combined total of her actual damages, costs of the action, and attorneys' fees. I.R.C. § 7434(b). Plaintiffs' counsel represents that Ms. Chen's costs total $8,801.53 and that he billed 125 hours of attorney and staff time. (22-cv-2774, Doc. # 196 at 11; 23-cv-1602, Doc. # 115 at 11). However, Plaintiffs' counsel does not provide any supporting documentation, nor does he provide any justification for these costs and attorneys' fees. Thus, the

7

Court cannot resolve Ms. Chen's claim for damages at this time.

The Court grants Ms. Chen's Motion in so far as the Court finds that the jury found Defendants liable for Ms. Chen's IRC claim and that she is entitled to damages.

Accordingly, it is hereby

**ORDERED**, **ADJUDGED**, and **DECREED:**

(1) Plaintiffs' Motion for Entry of Judgment as a Matter of Law with Respect to Plaintiffs' FLSA Claims, and for Entry of Judgment on Plaintiff Yanhong Chen's IRC Claims (22-cv-2774, Doc. # 196; 23-cv-1602, Doc. # 115) is **GRANTED** in part and **DENIED** in part.

(2) Plaintiff Yanhong Chen is entitled to recover the greater of $5,000 or the combined total of her actual damages, costs of the action, and attorneys' fees.

(3) Within 14 days of the entry of this order, Ms. Chen shall file a motion detailing her proposed attorneys' fees and costs. Thereafter, Defendants shall file their response to Ms. Chen's proposed costs and fees within 14 days.

**DONE** and **ORDERED** in Chambers in Tampa, Florida,
this <u>11th</u> day of July, 2025.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE